UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL RHINEHART,

    Plaintiff,

  v.                                                                 Case No. 06-C-993

MEDICAL COLLEGE OF WISCONSIN,

    Defendant.

**ORDER DENYING WITHOUT PREJUDICE**
**PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

On November 8, 2006, the plaintiff, Michael Rhinehart ("Rhinehart"), filed a letter in which he requests appointment of counsel. In his letter, Rhinehart states, "I need a attorney, but I can't afford one. Will I be appointed one? Please let me know." (Pl.'s Ltr.) Rhinehart's motion to appoint counsel will be denied without prejudice.

Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *See McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982). This court is authorized to request, but not compel, *see Mallard v. United States Dist. Court*, 490 U.S. 296 (1989), an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e). *Childs v. Duckworth,* 705 F.2d 915, 922 (7th Cir. 1983). However, the court has no access to funds to compensate attorneys for such representation. The court, therefore, appoints counsel under 28 U.S.C. § 1915(e) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated. *McNeil v. Lowney,* 831 F.2d 1368, 1371 (7th Cir. 1987), *cert. denied*, 485 U.S. 965 (1987).

Before I consider requesting an attorney to accept appointment under 28 U.S.C. § 1915(e), I must first determine whether a plaintiff has made a reasonable but unsuccessful effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id.*

A plaintiff must take the following steps to demonstrate that he has made a reasonable but unsuccessful effort to secure counsel. First, a plaintiff must contact at least three attorneys to request representation in the matter. Second, a plaintiff must file with this court and serve upon opposing counsel a motion for appointment of counsel as well as a statement indicating: (1) the names of all attorneys from whom the plaintiff has sought representation in the matter; (2) the dates of the plaintiff's communications with these attorneys; and, (3) whether any of the attorneys were willing to represent the plaintiff in this matter. The plaintiff should also obtain and file with the court letters from these attorneys to verify that the plaintiff has unsuccessfully attempted to obtain legal counsel.

If a plaintiff does satisfactorily demonstrate that he has made a reasonable effort to secure counsel, I will then consider additional factors in deciding whether to request counsel to represent him without payment. These factors include: (1) the merits of the plaintiff's claim for relief; (2) the plaintiff's ability to investigate crucial facts without counsel; (3) whether the evidence in the case consists largely of conflicting testimony requiring the skill of trained counsel to ensure that the truth will come out; (4) the plaintiff's ability to present the case; and, (5) the complexity of the legal issues raised by the plaintiff's complaint. *Id*. at 1073.

In short, the court will consider whether this plaintiff appears to be competent to try the action himself, given the difficulty of the action, and, if not, whether the presence of counsel is likely to

make a difference in the outcome. *See Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). The plaintiff has not demonstrated that he has unsuccessfully attempted to obtain legal counsel. He also has not demonstrated that the presence of counsel at this stage in the case is likely to make a difference in the outcome.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's motion for appointment of counsel be and hereby is **DENIED WITHOUT PREJUDICE**. If the plaintiff files a new motion for appointment of counsel he should include documents and statements which: (1) demonstrate the efforts he has made to secure counsel; and, (2) specifically address factors such as those listed above.

The plaintiff is hereby reminded that he is required to send a copy of every paper or document he files with the court to the opposing parties or to their attorney(s). The plaintiff should also retain a copy of each document for his own files. If he does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the defendant or its attorney.

**SO ORDERED** this 16th day of November 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge